**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

WILLIAM H. BLACK,

    Petitioner,

v.                                                  Civil Action No. 3:07cv429

PATRICIA STANSBERRY,

    Respondent.

**MEMORANDUM OPINION**

William H. Black is a federal prisoner confined in the Federal Correctional Center in Petersburg, Virginia. The matter is before the Court on Black's petition ("Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Respondent filed a Response and Motion to Dismiss, and provided Black with an appropriate *Roseboro* notice. Black filed a Motion for

---

[1] 28 U.S.C. § 2241 states in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . .
. . . .

(c) The writ of habeas corpus shall not extend to a prisoner unless–

    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(a), (c)(1)-(3).

Summary Dismissal Due to Respondent's Failure to Reply. The parties have briefed the issues. Accordingly, both matters are ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2241.

## I. Procedural History

On August 5, 2004, the United States District Court for the Northern District of Florida sentenced Black to sixty (60) months of imprisonment for Conspiracy to Commit Wire Fraud, Mail Fraud, and Obstruction of Justice. On February 20, 2006, when Black was detained at the Federal Prison Camp at Millington, Tennessee, prison officials issued Black an incident report for being in an unauthorized area. On February 26, 2006, the Disciplinary Hearing Officer ("DHO") conducted a hearing on the issue. After considering the incident report, Black's testimony, and the testimony of Black's two witnesses who testified via telephone, the DHO found Black guilty of being in an unauthorized area. The DHO sanctioned Black with the disallowance of fourteen (14) days of good conduct time, imposed fifteen (15) days of disciplinary segregation, and recommended a disciplinary transfer. Black appealed this decision to the Mid-Atlantic Regional Director and the General Counsel of the Federal Bureau of Prisons. Both appeals were denied.

In his present petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, Black contends that he is entitled to relief on the following grounds:

Claim One          Respondent violated Black's constitutional rights by implementing an internal, unwritten prison practice of unscheduled census counts or "silent recalls."

Claim Two            Respondent violated Black's procedural due process rights by finding a disciplinary violation based on insufficient evidence.

Claim Three          Respondent improperly revoked Black's good time credits, thereby depriving Black of a liberty interest protected by the Due Process Clause of the Fifth Amendment.

## II. Analysis

**A.   Petitioner's Motion for Summary Dismissal**

Black contends Respondent's response was untimely. The Court's August 6, 2007 Order required Respondent to file her responsive pleading within sixty days of the receipt of the Order. Respondent received the Order on August 7, 2007. Sixty days from August 7, 2007 is October 6, 2007. Respondent filed her response on October 5, 2007. Therefore, the Court finds that Respondent timely filed. Accordingly, the Court shall DENY Petitioner's Motion for Summary Dismissal. (Docket No. 8.)

**B.   Respondent's Motion to Dismiss**

Next, the Court considers Respondent's Motion to Dismiss. A court should grant a writ of habeas corpus pursuant to 28 U.S.C. § 2241 if "[the petitioner] is in custody in violation of the Constitution of the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition under 28 U.S.C. § 2241 should be used by federal inmates to challenge the execution of their sentence and must be filed in the district where the inmate is confined. *See United States v. Little*, 392 F.3d 671, 679-80 (4th Cir. 2004). Prisoners are required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.[2] *See*

---

[2] Federal inmates may file an appeal to the appropriate Regional Director within twenty (20) days of a Warden's response, and an appeal to the General Counsel of the Federal Bureau of Prisons within thirty (30) days of the Regional Director's Response. 28 C.F.R. § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id.*

*McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (No. 03-6952), *available at* 2004 WL 225093, at *1; *United States v. Goulden*, No. 94-5389, 1995 WL 298086, at *2 n.3 (4th Cir. May 17, 1995). Respondent concedes that Black properly exhausted his administrative remedies.

        1.        **Claim One - Unscheduled Census Count**

Black's first complaint about the unscheduled census count lacks reference to any constitutional violation. To the extent that Black asserts that his due process rights[3] were violated by the unscheduled census count, he is wrong. Liberty interests are implicated only in circumstances where the inmate can show that a deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). There is nothing atypical about prison officials conducting census counts of prisoners without prior notice. Rather, courts have long found "prison officials [to] have broad administrative and discretionary authority over the institutions they manage." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Accordingly, the Court shall DISMISS Claim One.

        2.        **Claim Two - Sufficiency of the Evidence**

With respect to the quantum of evidence necessary to support a decision to revoke good time credits, the Supreme Court has held that the "requirements of due process are satisfied if some evidence supports the decision." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *accord Baker v. Lyles*, 904 F.2d 925, 932 (4th Cir. 1990) ("Requiring a modicum of evidence to support a decision to revoke good time credits will help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

burdens."). The Supreme Court has admonished that ascertaining whether this standard has been satisfied does not require an independent examination of the entire record. *Hill*, 472 U.S. at 455. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

In *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, a prison disciplinary board found an inmate guilty of assaulting another inmate based solely on the testimony and written report of a prison guard who had not witnessed the incident. 472 U.S. at 456. The prison guard only heard commotion and saw the suspects fleeing the area. *Id.* The victim also provided the disciplinary board a written statement, asserting that the suspects had not caused his injuries. *Id.* at 448. The Court found the disciplinary board's finding of guilt based on this evidence sufficient to satisfy the Due Process Clause because "[a]lthough the evidence . . . might be characterized as meager, . . . the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 457.

In the present case, the DHO had considerably more evidence before it than the prison disciplinary board had to consider in *Hill*. During an unscheduled census count at 12:00 p.m. on February 20, 2006, Demby cleared the recreation areas and did not observe Black there. Approximately thirty (30) minutes later, Demby observed Black jogging in from the north end of the recreation yard track. When Demby asked Black where he had been, Black initially stated that he had been jogging and doing sit-ups on the track. When Demby confronted Black to tell the truth, Black admitted leaving the prison grounds to have lunch with his daughter.

Later, during the hearing before the DHO, Black asserted that he never left the prison grounds. Black also offered statements from two other prisoners who testified via telephone that they had observed Black at the racquetball court at all relevant times. Noting that Demby "has a legal and moral obligation to tell the truth concerning acts of misconduct by inmates," while Black "would have reason to falsify [his] account to minimize [his] culpability in the incident," DHO Report No. 1436115 at 3, the DHO officer found Black guilty of being in an unauthorized area.

Ample evidence supports the DHO's finding that Black was in an unauthorized area. The evidence Black offered in his defense does not alter this conclusion especially because it contradicts his first story that he had been jogging. *See Hill*, 472 U.S. at 455 (finding sufficient evidence to uphold the disciplinary board's decision despite contradictory testimony); *Brown v. Braxton*, 373 F.3d 501, 503 (4th Cir. 2004) (upholding a disciplinary officer's finding despite a victim's statement that the assault did not occur). Therefore, the Court shall DISMISS Claim Two.

### 3. Claim Three - Liberty Interest in Good Time Credits

Black contends that Respondent deprived him of his liberty interest in his good time credits when she improperly revoked his good time credits. The Supreme Court has held that inmates enjoy a liberty interest in vested good conduct time. *See Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). Thus, prior to revoking vested good conduct time, the Due Process Clause of the Constitution entitles an inmate to the following process: (1) an impartial tribunal; (2) written notice of the charges prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence; (4) aid from a fellow inmate or staff representative if the issues are

6

complex; and, (5) a written statement by the fact finder describing the evidence relied upon and the reasons for taking disciplinary action. *Id.* at 563-72.

Considering the record, the Court does not agree with Black that he was denied the process required by the Due Process Clause for revoking good time credits. Respondent afforded Black the procedural protections mandated by *Wolff*. No evidence suggests the disciplinary hearing lacked impartiality. Prison officials gave Black an advanced written notice of the charges via the Incident Report, allowed him to call witnesses, and gave him a copy of the DHO Report after the DHO made a finding of guilt. Prison officials also advised Black of his right to the assistance of a staff representative, which he waived. Black does not dispute this. Accordingly, the Court finds no due process violation based on Black's good time credits and shall DISMISS Claim Three.[4]

---

[4] Black seeks relief in the form of: 1) "the expungement of this incident from his prison record and restor[ation] [] to his original status prior to this incident," 2) "five (5) day family and employment furlough, which [he] was eligible to receive prior to this incident," and 3) transfer "to Seagorville, Texas, prison camp, or in the alternative . . . to serve the remainder of his term in a Community Correction Center in the District of Dallas, Texas." (Pet., Addendum at 6.) To the extent that Black claims he has a liberty interest in the relief he seeks, he fails. *See Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (finding that inmates do not have a cognizable liberty interest in receiving or retaining a certain custody classification so long as the conditions or degree of confinement is within the sentence imposed); *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (citation omitted) (finding that an inmate does not have a liberty interest in being housed at a particular institution unless a proposed transfer would subject the prisoner to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

### III. Conclusion

For the foregoing reasons, the Petitioner's Motion for Summary Dismissal shall be DENIED. (Docket No. 8.) The Court shall GRANT Respondent's Motion to Dismiss. (Docket No. 7.) Accordingly, the Court shall DISMISS the Petition and Petitioner's Motion for Interim Relief. (Docket Nos. 1-2.)

An appropriate Order shall issue.

/s/<br>
M. Hannah Lauck<br>
United States Magistrate Judge

Richmond, Virginia
Date: February 21, 2008