IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM H. BLACK,

    Petitioner,

v.                                               Civil Action No. 3:07cv429

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Petitioner William H. Black, a Virginia state prisoner proceeding *pro se*, brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 21, 2008, the Court entered an Order dismissing Black's petition. (Docket No. 15.) In a "Motion to Reconsider and Reopen Case" dated April 2, 2008, Black moves the Court to reconsider its decision because he claims he mailed a change of address notice to the Court in early December 2007, and that this mailing did not reach the Court. (Docket No. 17.) Respondent filed response to Black's motion. (Docket No. 16.) Black also has filed a "Request for an Expedited Ruling." (Docket No. 18.) The Court shall GRANT Black's request for expedited ruling.

Liberally construing the motion, the Court will assume that Black seeks reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding. Most fundamentally, it is an extraordinary remedy requiring a showing of extraordinary circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). The party seeking relief under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair

prejudice to the opposing party, and exceptional circumstances.'" *Dowell,* 993 F.2d at 48 (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief provided in Rule 60(b): (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or, (6) any other reason justifying relief.

     Black has not alleged any of the grounds for relief provided in Rule 60(b). He believes the Court dismissed his petition because it did not have his proper address. Thus, he asks the Court for reconsideration. Black is wrong, however, because in its February 28, 2008 Memorandum Opinion, the Court considered the merits of Black's claims. Finding no basis for Black's claims, the Court dismissed Black's petition. Accordingly, the Motion for Reconsideration will be DENIED.

     An appropriate Order shall issue.

                                                                        /s/
                                              M. Hannah Lauck
                                  United States Magistrate Judge

Richmond, Virginia
Date: <u>April 14, 2008</u>